IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

IOAN JOHN VASILIU,                )
                                  )
        Petitioner,                )
                                  )
                                  )   CIV-11-618-C
v.                                )
                                  )
ERIC HOLDER, IMMIGRATION           )
 AND CUSTOMS ENFORCEMENT,          )
                                  )
        Respondents.               )

REPORT AND RECOMMENDATION

Petitioner, a federal immigration detainee appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §§ 2254 and 2241. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), and the Petition has been preliminarily reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. For the following reasons, it is recommended that the Petition be denied in part for lack of jurisdiction and dismissed without prejudice in part, as more fully explained herein.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court is obligated to review habeas petitions in a prompt manner and to dismiss a petition "[i]f it plainly appears from the face of the petition and any exhibits attached to it that the petitioner is not entitled to relief . . . ." Moreover, a federal court must

*sua sponte* examine each case to determine whether it has jurisdiction over the matter. See Fed. R. Civ. P. 12(h)(3); see also Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006)("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by . . . a court on its own initiative, at any stage in the litigation . . . .")(internal citation omitted).

Petitioner has filed six previous habeas actions in this Court within the last nine months. In his first three habeas cases, Petitioner challenged the validity of his conviction pursuant to a plea of guilty entered on February 12, 2002, in the District Court of Oklahoma County, Case No. CM-2001-3657, to a misdemeanor charge of Assault and Battery - Domestic Abuse, for which he was sentenced to a one-year suspended term of imprisonment and ordered to pay a $100.00 fine. Vasiliu v. Department of Homeland Security, et al., Case No. CIV-10-1165-C; Vasiliu v. Department of Homeland Security, et al., Case No. CIV-10-1166-C; Vasiliu v. Department of Homeland Security, et al., Case No. CIV-10-1177-C. In his petition filed in the second of these habeas cases, Vasiliu v. Department of Homeland Security, et al., Case No. CIV-10-1166-C, Petitioner also challenged the order of removal issued by the Department of Homeland Security under which he is presently confined. He alleged that, because the order of removal was based on his underlying state assault and battery conviction, the order of removal violated double jeopardy guarantees and that he was denied effective assistance of counsel during the removal proceeding.

Taking judicial notice of the Court's own records, the Court denied habeas relief in Case No. CIV-10-1165-C because Petitioner did not satisfy the "custody" requirement for

2

federal habeas jurisdiction over his challenge to his state court conviction.[1] In Case No. CIV-10-1166-C, the Court denied habeas relief because (1) pursuant to 8 U.S.C. § 1252(a)(5)[2] the Court lacked jurisdiction to review Petitioner's challenge to the final order of removal under which he is confined and (2) Petitioner did not satisfy the "custody" requirement for federal habeas jurisdiction concerning his challenge to his state court criminal conviction. In Case No. CIV-10-1177-C, the Court dismissed the action without prejudice for failure to exhaust state judicial remedies.[3]

In the next two cases filed by Petitioner in this Court, he challenged the order of removal and his continuing detention in the custody of the United States Department of Homeland Security's Immigration and Customs Enforcement ("ICE"). <u>Vasiliu v. Department of Homeland Security, et al.</u>, Case No. CIV-10-1179-C; <u>Vasiliu v. Department</u>

---

[1] In that case, Petitioner included a brief and post-conviction documents showing that he had discharged the sentence in Case No. CM-2001-3657 prior to filing the habeas petition.

[2] This provision, which is part of the REAL ID Act, directs that federal courts of appeal are "the sole and exclusive means" for judicial review of most administrative orders of removal, deportation, or exclusion. <u>Ferry v. Gonzales</u>, 457 F.3d 1117, 1131 (10th Cir. 2006)(quoting 8 U.S.C. § 1252(a)(5)). The statute, as interpreted by the Tenth Circuit Court of Appeals in <u>Ferry</u>, "eliminates a district court's jurisdiction over habeas petitions challenging final orders of removal" but does not "eliminate a district court's jurisdiction to review habeas petitions challenging an alien's detention." <u>Id.</u>

[3] United States Magistrate Judge Bacharach, to whom the case was referred for initial proceedings, found in his Report and Recommendation entered in the case that the same jurisdictional defect previously found in Petitioner's first and second habeas cases was not "apparent from the limited habeas petition" filed in his third habeas case.

of Homeland Security, et al., Case No. CIV-10-1209-C. The Court dismissed these actions upon screening. In Case No. CIV-10-1179-C, the action seeking habeas corpus relief pursuant to 28 U.S.C. § 2255 was dismissed without prejudice to a 28 U.S.C. § 2241 action challenging Petitioner's continued detention pending removal by the Department of Homeland Security. In the Report and Recommendation entered by United States Magistrate Judge Argo in Vasiliu v. Department of Homeland Security, et al., Case No. CIV-10-1209-C, Petitioner was clearly advised that this Court lacks jurisdiction to consider a 28 U.S.C. §2241 habeas petition challenging a final order of removal. See 8 U.S.C. § 1252(a)(5). Petitioner was also clearly advised by Judge Argo in the same Report and Recommendation that, to the extent Petitioner was challenging his continuing detention under an order of removal, this Court lacked jurisdiction to consider the petition because he was not detained within the jurisdictional confines of the United States District Court for the Western District of Oklahoma. Petitioner again challenged his continuing detention in a sixth habeas proceeding filed in this Court, and this case is currently pending. Vasiliu v. Attorney General of the United States, et al., Case No. CIV-11-551-C.

In the instant action, Petitioner raises several grounds for habeas relief, all of which he has raised in his previous habeas actions filed in this Court. Petitioner alleges in ground one of the Petition that he received ineffective assistance of counsel in connection with his guilty plea entered in Oklahoma County District Court in 2002 in Case No. CM-2001-3657 because his attorney did not advise him of the deportation consequences of his guilty plea. In ground two of the Petition, Petitioner alleges that the plea he entered in the state criminal

proceeding in Case No. CM-2001-3657 was invalid because he was unaware of the deportation consequences of his plea. In ground three, Petitioner alleges that his wife was "coerced and coach[ed]" by law enforcement and the prosecutor to exaggerate and make false statements in his state criminal case, Case No. CM-2001-3657. Petition, at 5. In ground four, Petitioner makes the same allegations of ineffective assistance of counsel and an uninformed plea as he makes in grounds one and two.

In his Petition and lengthy hand-written attachments, Petitioner also alleges that he has been detained by ICE since August 31, 2009, in violation of constitutional double jeopardy guarantees because the order of removal under which he is detained is based on his state court assault and battery conviction. Petitioner also alleges and that he is being detained without the opportunity to post bond.

Petitioner admits that he did not appeal his February 2002 state court conviction. As cause for his failure to timely appeal the conviction, Petitioner alleges that he was unaware of the factual basis for his constitutional claims, e.g., that his counsel provided ineffective assistance by failing to advise him of the deportation consequences of his plea and that he entered the plea without knowing of the deportation consequences of the plea, until he was detained by ICE in August 2009. Petition, at 2, 5.

Petitioner contends he asserted these claims in a post-conviction application filed in the District Court of Oklahoma County in February 2010, that the application was denied, and that the Oklahoma Court of Criminal Appeals ("OCCA") recently affirmed the district

5

court's decision.[4]

In this action, Petitioner has raised the same grounds for habeas relief challenging the validity of his state court conviction in Case No. CM-2001-3657, challenging the order of removal under which he is being detained on double jeopardy grounds, and challenging his indefinite detention in the custody of ICE that he raised in <u>Vasiliu v. Department of Homeland Security, et al.</u>, CIV-10-1165-C, <u>Vasiliu v. Department of Homeland Security, et al.</u>, Case No. CIV-10-1166-C, and <u>Vasiliu v. Department of Homeland Security, et al.</u>, Case No. CIV-10-1209-C.

For the same reasons set forth in the Report and Recommendation entered by United States Magistrate Judge Roberts in <u>Vasiliu v. Department of Homeland Security, et al.</u>, CIV-10-1165-C, and the Report and Recommendation entered by Judge Roberts in <u>Vasiliu v. Department of Homeland Security, et al.</u>, Case No. CIV-10-1166-C, the undersigned recommends that the Petition be denied for lack of jurisdiction concerning Petitioner's claims challenging the validity of his expired conviction in CM-2001-3657 and the validity of the order of removal under which he is being detained by ICE.

To the extent Petitioner is challenging his indefinite detention under an order of removal, the undersigned recommends that the Petition be dismissed without prejudice for

---

[4]The undersigned takes judicial notice of the OCCA's public record which shows that on January 27, 2011, the OCCA affirmed the denial of Petitioner's post-conviction application. http://oscn.net (docket sheet for <u>Vasiliu v. State</u>, Case No. PC-2010-770, accessed June 10, 2011).

lack of jurisdiction.[5] This Court lacks power to issue habeas relief in connection with Petitioner's detention because Petitioner states he is being detained in a jail in Bedford, Texas, which is located outside of the jurisdictional confines of the Western District of Oklahoma. See 28 U.S.C. § 2241(a)(limiting the court's habeas authority to its "respective jurisdiction[ ]"); 28 U.S.C. § 116 (Oklahoma's judicial districts).

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and § 2241 be DISMISSED WITHOUT PREJUDICE in part as to Petitioner's claim challenging his continuing detention under an order of removal and DENIED in part as to all of Petitioner's remaining claims. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by ___July 5th___ , 2011, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues

---

[5]Pursuant to 28 U.S.C. § 1631, the Court may either dismiss the action or transfer it to the appropriate federal district court in Texas. In determining what action to take, the Court can "consider the consequences of a transfer by taking 'a peek at the merits' to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed." Haugh v. Booker, 210 F.3d 1147, 1150 (10th Cir. 2000)(citation omitted). In this case, the undersigned recommends dismissal rather than transfer because the majority of Petitioner's claims would be subject to dismissal for want of jurisdiction if raised in any court.

raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___13th___ day of ___June___, 2011.

*/s/ Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE